UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL DEAL BALLARD,<br><br>　　　　　　　　Plaintiff,<br>v.<br>STATE OF NEVADA, *et al.*,<br>　　　　　　　　Defendants. | Case No. 3:22-cv-00116-ART-CLB<br><br>ORDER |

*Pro se* Plaintiff Daniel Deal Ballard brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla Baldwin (ECF No. 10), recommending Plaintiff's action be dismissed for failure to comply with LR IA 3-1. Plaintiff had until May 4, 2022 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will dismiss Plaintiff's action.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

1     Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Baldwin did not clearly err. I incorporate Judge Baldwin's analysis by reference here. (ECF No. 10). Here, Judge Baldwin recommends dismissing Plaintiff's action for failure to file a change of address with the court. LR IA 3-1 provides that failure to "immediately file with the Court written notification of any change of address . . . may result in dismissal of the action . . . ." Plaintiff was advised that failure to update his address would result in dismissal of the action. (ECF No. 6). Plaintiff failed to do so in violation of LR IA 3-1.

    The Court must consider the following factors before dismissing an action for failure to follow local rules: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Court agrees with Judge Baldwin that all five factors favor dismissal here, where the litigation "cannot proceed or be decided on the merits if the Court and Defendants cannot contact Plaintiff. . . ." (ECF No. 10 at 1-2).

    Therefore, the Court agrees with Judge Baldwin. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

//
//
//
//
//
//
//
//

1     IT IS THEREFORE ORDERED that Judge Baldwin's Report and Recommendation (ECF No. 10) is accepted and adopted in full.

    IT IS FURTHER ORDERED THAT this case be dismissed based upon Plaintiff's failure to notify the Court of his change of address pursuant to LR IA 3-1.

    The Clerk of Court is directed to administratively close this case.

DATED THIS 19th Day of September 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE